UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WESLEY NEAL, JR.,

    Plaintiff,

v.

    Civil Case No. 20-12498
    Honorable Linda V. Parker

N. FRONCZAK, et al.,

    Defendants.
_____/

## OPINION AND ORDER (1) REJECTING PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S DECEMBER 7, 2022 REPORT AND RECOMMENDATION AND (2) ADOPTING THE REPORT AND RECOMMENDATION (ECF No. 59)

Plaintiff Wesley Neal, Jr. ("Neal"), an individual incarcerated in the Michigan Department of Corrections ("MDOC"), initiated this pro se lawsuit against Defendants MDOC and assistant librarian, Norbert Fronczak ("Fronczak"), on September 3, 2020.  In his Complaint, Neal asserts that in retaliation for threatening to file a grievance against Fronczak, he was issued a fraudulent misconduct report that resulted in him being denied access to the law library; Neal alleges violations of his rights under the First Amendment.  (ECF No. 1.) Fronczak filed a motion for summary judgment on April 29, 2022.  (ECF No. 51.) The matter has been referred to Magistrate Judge David R. Grand for all pretrial proceedings, including a hearing and determination of all non-dispositive matters

pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 17.)

On December 7, 2022, Magistrate Judge Grand issued a Report and Recommendation ("R&R") in which he recommends that this Court grant in part and deny in part Fronczak's motion for summary judgment. (ECF No. 59.) Specifically, Magistrate Judge Grand finds that Neal's First Amendment access-to-courts claim fails as a matter of law and Fronczak is entitled to sovereign immunity under the Eleventh Amendment while acting in his official capacity. (*Id.* at Pg ID 590.) Magistrate Judge Grand further finds that questions of material fact exist as to whether Fronczak issued a false misconduct report against Neal for his threats to file a grievance in retaliation for Neal's First Amendment protected conduct. (*Id.* at Pg ID 585.) Magistrate Judge Grand therefore recommends the motion for summary judgment be granted in part as to Neal's First Amendment access-to-courts claim and his official capacity claims, and denied in part as to Neal's First Amendment retaliation claim against Fronczak in his individual capacity. (*Id.* at Pg ID 592.) At the conclusion of the R&R, Magistrate Judge Grand informs the parties that they must file any objections to the R&R within fourteen days. Plaintiff filed objections on December 21. (ECF No. 60.)

When objections are filed to a magistrate judge's R&R on a dispositive matter, the Court "make[s] a *de novo* determination of those portions of the report

or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  A general objection, or one that does nothing more than disagree with a magistrate judge's determination or summarize what has been presented before, is not considered a valid objection.  *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991).  The Court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted).  A party's failure to file objections to certain conclusions of the R&R waives any further right to appeal on those issues.  *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the Court from its duty to independently review those issues.  *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

   Here, Neal does not appear to have valid objections to Magistrate Judge Grand's recommendation but simply seems to misunderstand his findings.  Neal provides objections "asking the court to not dismiss this defendant" for numerous reasons, including re-hashing his original arguments.  (ECF No. 60 at Pg ID 595.) Specifically, Neal asserts that Magistrate Judge Grand "direct[ed] the dismissal of [Fronczak] . . . pursuant to Fed. R. Civ. P. 12(b)(6), incorrectly holding that Plaintiff fails to state a claim on which relief can be granted." (*Id.*)  However, Neal

3

is misinterpreting Magistrate Judge Grand's recommendation as it ***does not dismiss Fronczak or prevent Plaintiff from proceeding with his lawsuit against Fronczak in his individual capacity,*** but ***merely recommends dismissing Fronczak only in his official capacity*** due to Eleventh Amendment protections. "The [Supreme] Court has held that, absent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court." *Maben v. Thelen*, 887 F.3d 252, 270 (6th Cir. 2018) (quoting *Kentucky v. Graham*, 473 U.S. 159, 169 (1985)). "This bar remains in effect when State officials are sued for damages in their official capacity." *Id.* However, the Eleventh Amendment does not prevent state officers, such as Fronczak, from being sued in his personal capacity, which is what Magistrate Judge Grand recommends. *See Hafer v. Melo*, 502 U.S. 21, 25–27, (1991). As such, Fronczak is immune from being sued for damages in his official capacity but remains as the Defendant in this suit for Neal to continue to pursue money damages against Fronczak in his personal capacity.

Finally, Neal's "objection" to Magistrate Judge Grand's finding that his access-to-courts claim fails as a matter of law is merely a "disagreement" with the finding, which is not a valid objection. *See Howard*, 932 F.2d at 508-09. Thus, the Court will not address the general objection.

4

For these reasons, the Court rejects Neal's objections to Magistrate Judge Grand's R&R and adopts Magistrate Judge Grand's recommendations.

Accordingly,

**IT IS ORDERED,** that Fronczak's motion for summary judgment (ECF No. 51.) is **GRANTED IN PART** and **DENIED IN PART**.

                                         s/ Linda V. Parker
                                         LINDA V. PARKER
                                         U.S. DISTRICT JUDGE

Dated: January 17, 2023

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, January 17, 2023, by electronic and/or U.S. First Class mail.

                                         s/Aaron Flanigan
                                         Case Manager